**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE BERRY and CHRIS DOERING, On Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | Civ. Action No. 08-1750 (SDW) |
| v. | OPINION |
| MEGA BRANDS INC., MEGA BRANDS AMERICA, INC., TARGET CORPORATION, AND TOYS "R" US, INC., | January 29, 2009 |
| Defendants. | |

**Wigenton**, District Judge

Before the Court is Defendants' Mega Brands Inc., Mega Brands America, Inc., Target Corporation, and Toys "R" US, Inc., (collectively "Defendants") Motion to Dismiss ("Motion to Dismiss") Plaintiffs' Jamie Berry, Chris Doering, and all others similarly situated (collectively "Plaintiffs") Consolidated Amended Class Action Complaint ("Complaint"), for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6). Also before this Court is Plaintiffs' Motion to Strike Defendants' Improper Contentions and Extrinsic Evidence ("Motion to Strike"). Lastly, before this Court is Plaintiffs' Motion to Appoint Interim Co-lead Counsel pursuant to Fed. R. Civ. 23(g). The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue

is proper pursuant to 28 U.S.C. § 1391. The Court, having considered the parties' submissions, decides these motions without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court **denies** Defendants' Motion to Dismiss and Plaintiffs' Motion to Strike. The Court **grants** Plaintiffs' Motion to Appoint Interim Co-lead Counsel.

**Factual and Procedural Background**

In September 2006, the child of Plaintiff Chris Doering, a resident of Boca Raton, Florida, received a Magnetix Translucent Building set as a birthday gift. The Magnetix Translucent Building set was purchased at a Target retail store in Deerfield Beach, Florida.

Plaintiff Jamie Berry, a resident of Roseville, California, purchased two Mega Brands toys; on November 27, 2007 she purchased a Magtastik Dream Set from etoys.com and, on December 9, 2007, she purchased a Magtastik Wonder Coaster at a Toys "R" US retail store in Roseville, California. On some unspecified date, Ms. Berry received an e-mail from customerservice@etoys.com notifying her of the Magtastik Dream Set recall and instructing her to stop using the "recalled toy immediately and contact MEGA BRANDS to receive a pre-paid mailer to return the toy for a free replacement product." (Compl., 6). Plaintiffs were advised that the toys, which all included magnets, were being recalled as a result of children swallowing the magnets and sustaining injuries.

Defendant Mega Brands, Inc., a Canadian corporation headquartered in Montreal, Quebec, Canada, manufactured, designed, distributed, and advertised the toys subject to this litigation.

Defendant Mega Brands America, Inc. (formerly Rose Art Industries, Inc.), a New Jersey corporation headquartered in Livingston, New Jersey and a subsidiary of Mega Brands Inc., also distributed the toys subject to this litigation.

Defendant Target Corporation, a Minnesota corporation, sold the recalled toys.

Defendant Toys "R" US, a Delaware corporation with its principal offices in Wayne, New Jersey, sold the toys subject to this litigation.

Plaintiffs allege that approximately ten million hazardous toys were recalled on March 31, 2006, April 19, 2007, and March 17, 2008 (collectively "the recalls")[1]. Plaintiffs contend that Defendants knowingly sold hazardous toys.[2] Plaintiffs submit they reasonably relied upon Defendants' knowingly false statements which resulted in, among other things, payment for hazardous toys (a non-gratuitous benefit) and their children being exposed to adverse health effects.

On April 8, 2008, Plaintiff Jamie Berry filed a nine-count complaint on behalf of herself and all those similarly situated against Mega Brands America Inc., and Mega Brands Inc.

On June 5, 2008, Plaintiff Chris Doering filed a seven-count complaint on behalf of himself and all others similarly situated against Mega Brands, Inc., Mega Brands America Inc., and Target Corporation.

On August 1, 2008, Plaintiffs Jamie Berry and Chris Doering filed a seven-count Consolidated Amended Class Action Complaint on behalf of themselves and all others

---

[1] "Hazardous toys" refers to the toys recalled by Mega Brands, which include Magnetix Magnetic Building Sets, Magna Man Magnetix Toy Figures, Magtastik, and Magnetex Jr. Pre-School Magnetic Toys, as well as all other Mega Brand toys that contain unsafe magnets (*i.e., the Mag Warriors, Marvel Action Figures, and Magnetix Spider Man 3 Vehicle Set, which were never recalled*).

[2] Plaintiffs allege that Mega Brands knew of at least one death, 28 injuries requiring surgery or other medical treatment, and numerous additional instances of magnets being swallowed. These injuries resulted in a 13.5 million dollar settlement to resolve wrongful death and/or personal injury claims brought on behalf of 12 individuals. (Pl. Compl., 2-3, n.5).

similarly situated against Mega Brands, Inc., Mega Brands America Inc., Target Corporation, and Toys "R" US, Inc., alleging: (Count I) violation of the New Jersey Consumer Fraud Act, N.J.S. § 56:8-1, et seq. ("NJCFA"); (Count II) breach of implied warranty; (Count III) breach of express warranty; (Count IV) negligence – design, manufacturing, and failure to warn; (Count V) strict liability – design defect/manufacturing defect and failure to warn; (Count VI) violation of the Consumer Product Safety Act, 15 U.S.C. § 2072 ("CPSA"); and (Count VII) unjust enrichment.

On August 8, 2008, Plaintiffs filed a Motion to Appoint Interim Co-lead Counsel, the law firms of Coughlin, Stoia, Geller, Rudman & Robbins, and Kaplan & Kilsheimer LLP (the "Law firms"); the motion is unopposed. On September 26, 2008, Defendants filed the instant Motion to Dismiss asserting that Plaintiffs' claims are not cognizable under the laws of Florida and California, that Plaintiffs' Complaint does not plead a violation of the NJCFA, and that Plaintiffs do not have a cognizable claim under the CPSA. On November 2, 2008, Plaintiffs filed a Motion to Strike Defendants Improper Contentions and Extrinsic Evidence relied upon in Defendants' Motion to Dismiss. First, the Court will address Plaintiffs' Motion to Appoint Interim Co-lead Counsel. Second, the Court will decide Plaintiffs' Motion to Strike. Third, the Court will address Defendants' Motion to Dismiss.

**Motion to Appoint Interim Co-lead Counsel**

The Court grants Plaintiffs' Motion to Appoint Interim Co-lead Counsel. After review of the law firms' resumes, and because the motion is unopposed, the Court grants Plaintiffs' Motion to Appoint Interim Co-lead Counsel.

## Motion to Strike Defendants' Improper Contentions and Evidence

Plaintiffs contend that the Court should strike Defendants' contentions concerning the sufficiency of the recalls because they fall outside the scope of the Complaint.[3] Plaintiffs also ask the Court to strike Defendants' references to the Consumer Product Safety Commission's ("CPSC") Annual Report to Congress because it is extrinsic evidence.

Defendants submit that their references to the recalls may properly be considered in its Motion to Dismiss because it is an allegation within the Complaint. Defendants also assert that the CPSC's Annual Report to Congress is a public record and, as such, can be considered on a Motion to Dismiss.

A motion to dismiss is not an evidentiary battle. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "It is well-settled that in deciding a motion to dismiss, courts generally may consider only the allegations contained in the complaint, exhibits attached thereto, and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Insur. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "Courts have defined public record, for purposes of what properly may be considered on a motion to dismiss ... [as] published reports of administrative bodies." *Id.* (internal citations omitted).

A. The Recalls

Defendants have properly referenced the sufficiency of the recalls in their Motion to Dismiss because Plaintiffs' Complaint alleges the recall process was deficient. *See Pension Benefit Guar. Corp. v. White Consol. Insur. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Complaint alleges Defendants have not recalled all of the hazardous toys;

---

[3] "The recalls" refer to the March 31, 2006, April 19, 2007, and March 17, 2008 recalls of the hazardous toys.

5

Defendants have not offered to reimburse Plaintiffs for the cost of the hazardous toys; and the recalls are complicated and fraught with hurdles. (Compl., 4-5) Plaintiffs' Complaint includes a section entitled "Defendants' Recalls of the Hazardous Toys", which has a subsection for each recall.[4] In such section, Plaintiffs dedicate thirteen pages to the sufficiency of the recall process. Hence, because Plaintiffs allege, in the Complaint, that the recalls were deficient, the recalls may properly be considered in Defendants' Motion to Dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Thus, Plaintiffs' Motion to Strike Defendants' contentions regarding the recalls is denied.

B. The CPSC Annual Report to Congress

Defendants' citations to the CPSC's Annual Report to Congress may properly be considered in their Motion to Dismiss. The CPSC's Annual Report to Congress is a public record. Public records may be considered on a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Insur. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Public records are reports made by an administrative agency. *Id.* The CPSC's Annual Report to Congress is a public report because it is a report made by an administrative agency – the CPSC. Thus, Defendants' have reasonably referenced the CPSC's Annual Report to Congress in their Motion to Dismiss because it is a public record. *Id.* Thus, Plaintiffs' Motion to Strike Defendants' references to the CPSC's Annual Report to Congress is denied.

**Motion to Dismiss**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be

---

[4] The Court notes that although Plaintiffs allege four different recalls, only three are discussed in the Complaint.

6

4

drawn therefrom, and to view them in a light most favorable to the non-moving party. *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977). In evaluating a motion to dismiss, the court looks only to the face of the complaint to determine whether there are defects and must accept as true the facts as pled. *Bright Enters., Inc. v. Trump*, 182 F.3d 183 (3d Cir. 1994).

Defendants contend that because the laws of Florida and California apply to Plaintiffs' Complaint and Plaintiffs have not pleaded viable claims under those laws, Counts II – V and VII of Plaintiffs' Complaint must be dismissed. Defendants also submit that Plaintiffs do not have a cognizable claim under the NJCFA or the CPSA.

The Court can not make a choice-of-law determination at the pleading stage because it requires a fact-intensive analysis. *See Taylor v. JVC Americas Corp.*, No. Civ. A. 07-4059 (FSH) 2008 U.S. Dist. LEXIS 43215 (D.N.J. May 30, 2008). Rather, at the pleading stage, the Court must apply the law of the forum state, New Jersey. *Id.* Because New Jersey law applies, Defendants' analysis, as it applies to Counts II-V, and VII, is inapplicable at the 12(b)(6) stage and, as such, the Motion to Dismiss Counts II – V, and VII is denied.

Defendants also assert that Plaintiffs' NJCFA claim, at Count I, should be dismissed. We disagree. Plaintiffs' Complaint sufficiently pleads a violation of the NJCFA.

In order to assert a claim for relief under the NJCFA a plaintiff must assert: "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Space v. BPRM Towing Service Inc.*, No. Civ. A. 07-947 (JAG), 2007 WL 4570157, at *5 (D.N.J. Dec. 21, 2007) (internal quotations omitted).

In the present case, Plaintiffs sufficiently plead the three NJCFA elements. First, Plaintiffs' Complaint alleges that Defendants concealed a known safety risk from customers. *See Perth Amboy Iron Works, Inc., v. American Home Assurance Co.*, 226 N.J. Super. 200, 208-13 (App. Div. 1988) (holding that a manufacture of yacht engines could be held liable under the NJCFA for allegedly concealing known safety or operational problems or for later falsely assuring the buyer that the engines were properly repaired). Second, Plaintiffs also maintain they suffered an ascertainable loss because they paid for or acquired toys that Defendants materially and affirmatively represented as safe and age appropriate, and instead received dangerous, defective toys. *See Stralowlski v. General Motors Corp.*, No. Civ. A. (JHR) 04-4740, 2005 WL 2001912, at *12 (D.N.J. Aug. 16, 2005) (holding that an ascertainable loss occurs when a customer receives less than what was promised). Third, Plaintiffs allege that there is a "causal nexus" between their loss and Defendants' conduct because they would not have purchased the hazardous toys if Defendant would have disclosed the hazardous nature of the toys. *Id.* at *17 (holding that plaintiff sufficiently pled "causal nexus" by alleging she and members of

8

the class would not have purchased their vehicles if GM had disclosed earlier the existence of the known defective condition of K engine vehicles). Thus, this Court finds that Plaintiffs have pled facts sufficient to support their NJCFA claim. Defendants' Motion to Dismiss Plaintiffs' NJCFA claim is denied.

**Consumer Product Safety Act**

At Count VI Plaintiffs allege that Defendants violated the CPSA, 15 U.S.C. § 2072, because Defendants failed to comply with both the CPSA's ban of toys with small attachments that may be dislodged and the CPSA's reporting requirements.

Defendants move to dismiss Plaintiffs' CPSA claims. Defendants submit that the CPSA's ban on noisemaking toys is not applicable to the Plaintiffs because the hazardous toys are not noisemaking toys. Moreover, Defendants' assert that the CPSA does not provide a private right of action for a violation of the reporting requirements.

A. CPSA's Ban of Hazardous Toys

The CPSA's ban on hazardous toys includes all toys with attachments capable of being dislodged. 16 C.F.R. § 1500.18(a)(2) bans as hazardous "[a]ny toy having noisemaking components or attachments capable of being dislodged by the operating features of the toy or capable of being deliberately removed by a child, which toy has the potential for causing laceration, puncture wound injury, aspiration, ingestion or other injury."

This Court interprets 16 C.F.R. § 1500.18(a)(2) to refer to either "any toy" with "noisemaking components" *or* "any toy" with "attachments" capable of being dislodged. Plaintiffs aver Defendants violated the Regulation by selling toys with "attachments" capable of being dislodged. Plaintiffs have adequately pled a violation of the CPSA.

9

Defendants' Motion to Dismiss as it relates to the CPSA's ban of toys with "attachments" is denied.

B. <u>CPSA Reporting Requirements</u>

A private right of action exists when a violation of the CPSA's reporting requirement occurs. The reporting requirements of 16 C.F.R. § 1117.1 requires:

> "each manufacturer, distributor, retailer, and importer of … a toy or a game that contains a … small part [to] report to the Commission any information obtained by such manufacturer … which reasonably supports the conclusion that an incident occurred in which a child (regardless of age) choked on such a … small part contained in such toy or game and, as a result of that incident the child died, suffered serious injury, ceased breathing for any length of time, or was treated by a medical professional.

The parties do not dispute that the reporting requirements is a rule.

15 U.S.C. § 2072 provides "a private right of action to any person injured by reason of any knowing (including willful) violation of a consumer product safety rule, or *any other rule* or order issued by the Commission." *Kelsey v. Muskin, Inc.*, 848 F.2d 39, 42 (2d Cir. 1988) (emphasis added).

The Third Circuit has not decided whether a private right of action exists for a violation of the CPSA's reporting requirements; other courts, however, are split on the issue. The Eighth Circuit *in Drake v. Honeywell, Inc.*, 797 F.2d 603 (8th Cir. 1986) held that a violation of the CPSA's reporting requirements do not provide for a private right of action. To the contrary, the Northern District of New York, in *Young v. Robertshaw Control Co.*, 560 F. Supp. 288 (N.D.N.Y. 1983) held that a private right of action exists when a violation of the CPSA's reporting requirements occurs.

This Court agrees with the Court in *Young*; a private right of action exists for a violation of the CPSA's reporting requirements. 16 C.F.R. § 1117.1 requires a party to

report any known instances of injury or death resulting from the ingestion of small parts or attachments of a toy. Plaintiffs pled that Defendants knew of the defect in their toys, knew of instances of children being hurt and dying from ingesting "attachments", and did not report same to the CPSC. Thus, Plaintiffs have adequately pled a violation of the CPSA's reporting requirements and, as such, a private right of action exists for Plaintiffs to pursue. Therefore, Defendants' Motion to Dismiss Plaintiffs' CPSA reporting violation claim is denied.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is **denied.** Plaintiff's Motion to Strike is **denied**. Plaintiffs' Motion to Appoint Interim Co-lead Counsel is **granted**.

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc: Judge Madeline Cox Arleo, U.S.M.J.
     Parties