NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JAMIE BERRY and CHRIS DOERING,   :   Civ. Action No. 08-1750
On Behalf of Themselves and All Others   :
Similarly Situated,   :
             Plaintiffs,   :
:
v.   :   **OPINION**
:
MEGA BRANDS INC., MEGA   :
BRANDS AMERICA, INC., TARGET   :
CORPORATION, AND TOYS "R"   :   April 22, 2009
US, INC.,   :
:
             Defendants.   :
_____:

**Wigenton**, District Judge

      Before the Court is Defendants', Mega Brands, Inc., Mega Brands America, Inc., Target Corporation, and Toys "R" Us, Inc, (collectively "Defendants"), Motion for Reconsideration or alternatively for leave to file an Interlocutory Appeal ("Motion") of this Court's January 29, 2009 Opinion denying Defendants' Motion for Summary Judgment. The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court denies Defendants' Motion for Reconsideration and Interlocutory Appeal.

**Legal Standard**

      Pursuant to Local Civil Rule 7.1(i), a party may seek reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion" if the party believes the Court "overlooked" certain matters or controlling decisions when it

ruled on the original motion. Such a motion may only be granted if: (1) an intervening change in the controlling law has occurred; (2) or evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Pardy v. Dupuy*, No. 07-cv-1385, 2008 LEXIS 52044, at *3 (D.N.J. July 8, 2008) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Marracco v. Kuder*, 2009, U.S. Dist. LEXIS 6757, at *2. (D.N.J. January 30, 2009).

"A motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Marracco*, 2009 U.S. Dist. LEXIS 6757, at *3. "A party seeking reconsideration must show more that a disagreement with the Court's decision," and mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Database Am., Inc. v. Bellsouth*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations and internal quotations omitted).

**Discussion**

**The Court Did Not Err By Refusing to Conduct A Conflict of Law Analysis.**

Defendants assert that this Court erred by not conducting a conflict of law analysis at the pleading stage and also because the Court's analysis utilized the Motion to Dismiss standard as set forth in the Supreme Court's *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) decision, as opposed to the Supreme Court's standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007).

There is no basis for this Court to reconsider its January 29, 2009 decision. There has been no intervening change in the controlling law; no new evidence, previously unavailable, has become available; and it is unnecessary to correct a clear error of law or prevent a manifest injustice. Defendants do nothing more than regurgitate case law and arguments previously submitted to this Court. Defendant's disagreement with the Court's decision and mere recapitulation of the cases and arguments considered by this Court before rendering its original decision is unpersuasive and insufficient as a matter of law. *Database Am., Inc*. 825 F. Supp. 1216, 1220 (D.N.J. 1993). Thus, Defendant's Motion for Reconsideration as it pertains to the Court's refusal to conduct a conflict of law analysis, is denied.

The Court acknowledges that, in reaching its decision, the Court utilized the motion to dismiss standard as set forth in *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) instead of the standard set forth in *Bell Atlantic Corp., v. Twombly*, 127 S. Ct.1955, 1967 (2007). However, an analysis under *Twombly* would not change the result reached in this Court's January 29, 2009 Opinion. The *Hishon* standard takes as true any allegation within a plaintiff's complaint; *Twombly*, however, requires the pleadings to be more than labels and conclusions, and a formulaic recitation of a cause of action's elements. Although under *Hishon*, Plaintiff is required to state sufficient facts to maintain a cause of action, *Twombly* merely sets out the extent to which Plaintiff must assert facts – beyond a recitation of the elements of a cause of action. In sum, the difference between *Hishon* and *Twombly* can be characterized as a distinction without a difference.

**The Court's Analysis of the CPSA Remains Undisturbed and Does Not Merit Interlocutory Appeal.**

Defendants submit that this Court erred by not dismissing Plaintiff's two Consumer Product Safety Act ("CPSA") claims. Defendants assert that this Court erroneously found a ban on toys with attachments and that Plaintiffs may pursue a claim for Defendants' alleged failure to abide by the CPSA's reporting requirement. Defendants, however, have not provided the Court with any evidence that there has been an intervening change in the law; have not presented any evidence that was not previously available; nor have defendants presented the Court with evidence of a clear error of law or a manifest injustice. Defendants do nothing more than repeat case law and arguments previously submitted to this court. Defendant's disagreement with the Court's decision and mere recapitulation of the cases and arguments considered by this Court before rendering its original decision, is unpersuasive and insufficient as a matter of law. *Database Am., Inc*. 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Moreover, this issue is not appropriate for Interlocutory Appeal. Interlocutory appeal may only be sought where defendants can demonstrate that an order involves: (1) a controlling question of law; (2) as to which there is substantial ground for a difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292; *Katz v. Carte Blanche Corp*., 96 F.2d 747, 754 (3d Cir. 1974).

Here, an Interlocutory Appeal on the issue of whether Plaintiff's CPSC claims are valid is unwarranted; assuming *arguendo*, that the Court of Appeals does disagree with this Court's Opinion on these issues, said determination will not materially advance the ultimate termination of this litigation. Plaintiff's CPSC claims are only two of seven

4

counts in the Complaint. Consequently, even if the Court of Appeals did agree with Defendants, there would remain five counts for trial. Hence, an immediate appeal will not materially advance the ultimate determination of this litigation. Thus, Defendants' Motion for Reconsideration and for Interlocutory Appeal as to the CPSC claims is denied.

**CONCLUSION**

For the reasons discussed above, this Court denies Defendants' Motion for Reconsideration and Interlocutory Appeal.

                                                                  s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
Cc:    Madeline Cox Arleo, U.S.M.J.
       Parties