UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIME BERRY and CHRIS DOERING, on Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>MEGA BRANDS, INC., et al.,<br><br>      Defendants. | No. 2:08-cv-01750-SDW-MCA<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS |

  The parties have made a motion pursuant to Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement of this Action pursuant to the executed Final Settlement Agreement, dated July 27, 2011 (the "Settlement"), which, together with the exhibits appended thereto, sets forth the terms and conditions for a proposed settlement of the action captioned as *Berry, et al. v. MEGA Brands, Inc., et al.*, No. 2:08-cv-1750 (Consolidated) (the "Action") and dismissal of the Action with prejudice, upon the terms set forth therein.

  The Court has considered the Settlement and the exhibits appended thereto, the papers filed in connection with this motion, and arguments of counsel. Based thereon, and good cause appearing therefor,

  IT IS HEREBY ORDERED that:

  1. This Order incorporates by reference the definitions in the Settlement, and all terms used herein shall have the same meanings as set forth in the Settlement.

- 1 -

2. This Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. The Court preliminarily approves the Settlement as being within the range of possible approval to warrant provisional certification of the Settlement Class and provision of notice to the Settlement Class Members, subject to the Court's further consideration of the Settlement at the Fairness Hearing described below.

4. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement, a Settlement Class as follows:

> All persons who, during the period from September 2003 to the present, purchased, possessed, and/or acquired Magnet Toys, excluding Defendants and the Released Party.

5. This Court finds and concludes, pursuant to Rule 23 of the Federal Rules of Civil Procedure and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over questions affecting only individual Settlement Class Members; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (d) the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for a fair and efficient adjudication of the controversy.

6. The Court further finds and orders that, by not objecting to the certification of the Settlement Class, and by negotiating, executing and implementing the Settlement and taking the actions required by this Order, Defendants are not waiving any rights they may otherwise have. In the event the Settlement terminates pursuant to its terms, is not approved by the Court, or otherwise does not become effective within the meaning of the Settlement, the certification of the Settlement Class for settlement purposes, and any other act relating to the negotiation,

execution or implementation of the Settlement or compliance with this Order and all papers submitted in support of the motions seeking preliminary approval and final approval, shall not be used as evidence, and shall not be admissible, to support class certification on the merits in the Action or in any other civil action or proceeding.

7. The Court approves, as to form and content, the Mailed and Electronic Notice, and the Published Notice attached as Exhibits C and D, respectively, to the Settlement. The Court finds that the mailing of the Mailed Notice, the transmittal of the Electronic Notice, and the publication of the Published Notice substantially in the manner and form set forth in this Order fully satisfy and meet the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and due process, provide the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to such Notice who can be identified through reasonable efforts. The Court further approves, as to form and content; the Claim Form (and instructions) attached as Exhibit B to the Settlement.

8. This Court directs and orders:

(a) The Claims Administrator shall cause notice to be disseminated by direct mail to all persons who provided their contact information to the Defendants in connection with the Recalls. Defendants shall provide the Claims Administrator on a confidential basis the names and addresses of all such persons.

(b) The Class Notice shall be published as follows: (a) direct notice mailed to the those persons who contacted MEGA Brands in connection with any of the Recalls and where MEGA Brands possesses contact information for such persons; (b) one-third page notice to be published once in Parents magazine; (c) one-eighth page notice to be published once in a weekday edition of the USA Today; (d) a web-based banner ad program consisting of at least 15 million impressions; and (e) the dissemination of a mutually agreed upon press release over PR

Newswire or some similar internet-based wire service ("Press Release") with national reach once after preliminary approval of the Settlement and once after final approval of the Settlement. Defendants shall also request that their major retailers post the Class Notice in their stores. Further, the notice will be posted up on the Settlement website and Defendants' websites.

(c) No later than 30 days after completion of dissemination of Notice as described above, Plaintiffs' Lead Counsel shall file or cause to be filed with the Court, and serve on all counsel of record, one or more declarations confirming that notice was provided in accordance with the requirements of this Order.

9. This Court hereby appoints Rust Consulting, Inc. as the Claims Administrator to perform the functions relating to notice, claims handling, and settlement administration as agreed upon by the Parties and set forth in the Settlement.

10. This Court hereby finds and orders that any Settlement Class Member who does not wish to participate in the Settlement Class may exclude himself or herself from the Settlement by filing a timely request for exclusion. A Class Member must Opt Out of the Settlement Class by notifying the Claims Administrator in writing postmarked on or before the Opt Out Deadline of his/her intention to exclude himself/herself from the Settlement Class. The Class Member seeking to Opt Out must include his/her name, address, telephone and signature in his/her written request to Opt Out and otherwise comply with the agreed upon Opt Out procedure approved by the Court. The initial determination that each request to Opt Out by a Class Member complies with the Opt Out procedures in this Agreement will be made by the Claims Administrator and is subject to final approval by the Court as part of the Final Approval of the Settlement Agreement. The Court may disallow any request for exclusion that fails to comply with the provisions of Preliminary Approval Order or the Opt Out procedures otherwise approved by the Court.

11. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If a Settlement Class Member does not enter an appearance, the Settlement Class Member will be represented by Class Counsel.

12. This Court schedules the Fairness Hearing on the Settlement to be held on *Thursday*, *December 15*, 2011, at *11:00* a.m./p.m., in the Courtroom of the Honorable Susan D. Wigenton located at the Dr. Martin Luther King Jr. Federal Building & Courthouse, 50 Walnut Street, Newark, New Jersey 07102, to determine, among other things, whether the proposed Settlement should be approved as fair, reasonable and adequate; whether a judgment should be entered approving such Settlement; whether the negotiated attorneys' fees and costs should be awarded to Class Counsel; and whether an incentive award should be awarded to the Plaintiffs to be paid out of the Settlement Fund and, if so, in what amount. The Court may adjourn or continue the Fairness Hearing without further notice to the Settlement Class Members.

13. Any Settlement Class Member may appear and be heard at the Fairness Hearing as to any reason why the proposed Settlement should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered approving such Settlement, or why Plaintiffs' Lead Counsel should or should not be awarded the negotiated attorneys' fees and costs, or why the Plaintiffs should or should not be awarded a service award; provided, however, that no Settlement Class Member shall be entitled to object to the approval of the terms and conditions of the proposed Settlement, or, if approved, to the judgment to be entered approving the Settlement, unless that Settlement Class Member has filed with the Clerk of the Court for the United States District Court for the District of New Jersey a written statement of objections, no later than 14 days before the Fairness Hearing, together with documentary proof that he or she is a Settlement Class Member in that he or she meets all of the

criteria for a Settlement Class Member as set forth in Paragraph 4 of this Order. The written statement of objections must also set forth (i) the name of this Action; (ii) the Settlement Class Member's full name, address, telephone number, and (iii) a detailed statement of the specific reasons for the objection(s). Any written statement of objections and proof of class membership must also be served by hand, overnight delivery, or first-class mail on the following counsel for the Parties such that they are received by counsel no later than 14 days before the Fairness Hearing: Jack Reise, Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, Florida 33432; and Scott Louis Weber, Patton Boggs LLP, The Legal Center, One Riverfront Plaza, 6th Floor, Newark, New Jersey 07102. Any Settlement Class Member who does not make his or her objection(s) in the manner provided for in this Order shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness, reasonableness or adequacy of the proposed Settlement and the judgment approving the Settlement, including any objection(s) to distribution of the Settlement Fund, any award of attorneys' fees to Plaintiffs' Lead Counsel, or service award to Plaintiffs.

14. Any Settlement Class Member or his or her attorney who intends to appear in person at the Fairness Hearing must also file with the Court and serve upon Class Counsel and Defendants' Counsel, not later than fourteen (14) days before the Fairness Hearing (unless such time is extended for such Settlement Class Member in a writing signed by Plaintiffs' Lead Counsel and Defendants' Counsel), a notice of their intention to appear at the Fairness Hearing, and the Court reserves the right, in its discretion, to limit any such appearance as the Court deems appropriate.

15. All papers in support of final approval of the Settlement, and the approval of an award of fees and costs to Class Counsel, and for approval of a service award to Plaintiffs, shall be served and filed with the Court no later than 30 calendar days prior to the Fairness Hearing.

16. This Court orders that all further proceedings in this Action (including, but not limited to, discovery obligations and proceedings) are stayed until final approval or termination of the Settlement or until the Court otherwise orders, except that this stay does not apply to those matters necessary for the consideration and effectuation of the Settlement. All Settlement Class Members, and all Persons actually or purportedly acting on behalf of any Settlement Class Member, are hereby enjoined from asserting, commencing, maintaining, prosecuting, or enforcing, directly or indirectly, in any judicial, administrative, arbitral, or other forum, any claim that will be released as part of the Settlement, until final approval or termination of the Settlement, provided that this injunction shall not apply to individual claims of any Settlement Class Member who has timely requested exclusion from the Settlement Class in accordance with the provisions of the Settlement and this Order. The Court determines that this stay and injunction are necessary to protect and effectuate the Settlement, this Preliminary Approval Order, and the Court's jurisdiction and authority to consider and approve the Settlement and to enter the Final Judgment, when and as this Court considers appropriate.

17. The Court reserves the right to adjourn or continue the date for the Fairness Hearing without further notice to the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class and may reject the Settlement without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: August 17, 2011

The Honorable Susan D. Wigenton, U.S.D.J.

-7-